```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**                        **CRIMINAL NO. 1:13CR74**
                              **CRIMINAL NO. 1:13CR89**
                                   **(Judge Keeley)**

**JUSTIN ZACHARY ROSA,**

       **Defendant.**

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
<u>RECOMMENDATION THAT DEFENDANT'S GUILTY PLEAS BE ACCEPTED</u>**

On November 13, 2013, defendant, Justin Zachary Rosa ("Rosa"), appeared before United States Magistrate Judge John S. Kaull and moved this Court for permission to enter pleas of GUILTY to the one count Information and Count Two of the Superseding Indictment. Rosa stated that he understood that the magistrate judge is not a United States District Judge, and consented to pleading before the magistrate judge. This Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

The magistrate judge accepted Rosa's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming the Rosa punishable by a term of imprisonment of greater than one year, the

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEAS BE ACCEPTED**

magistrate judge questioned Rosa to determine if his waiver of prosecution by indictment was freely given in a sober and knowledgeable fashion.

The magistrate judge then advised Rosa of the nature of the charges in the Information and Count Two of the Superseding Indictment, and inquired whether he had read and reviewed the Information and Count Two with counsel. Acknowledging that he had, Rosa waived the reading of the Information and Count Two.

Next, the magistrate judge summarized Rosa's rights to proceed by a Grand Jury indictment and explained that he has a constitutional right to proceed by an indictment, and that the United States is able to charge him by Information only by his waiver of this right. The magistrate then judge explained the Grand Jury process to Rosa: that to charge him with an offense a Grand Jury must find probable cause that he committed the offense; that the Grand Jury is composed of at least 16 and not more than 23 persons; and that at least 12 of the grand jurors must find that probable cause exists to so charge him.

Rosa stated that he understood that he had a right to proceed by indictment by a Grand Jury, and that by waiving this right, the

United States could proceed to charge him with the Information just as though he had been indicted.

Rosa signed a Waiver of Indictment in open court, and the magistrate judge ordered the Waiver filed.

Based upon Rosa's statements during the plea hearing and the testimony of Officer Matthew Cogar, the magistrate judge found that Rosa was competent to enter guilty pleas to the one count information and Count Two of the Superseding Indictment, that the pleas were freely and voluntarily given, that Rosa was aware of the nature of the charges against him and the consequences of the charges against him and the consequences of his pleas, and that a factual basis existed for the tendered pleas. On November 15, 2013, the magistrate judge entered an order finding a factual basis for the pleas and recommending that this Court accept the pleas of guilty to the one count Information and Count Two of the Superseding Indictment.

The magistrate judge also directed the parties to file any written objections to the report and recommendation within fourteen (14) days after service of the report and recommendation. The magistrate judge further directed that failure to file objections

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEAS BE ACCEPTED**

would result in a waiver of the right to appeal from a judgment of this Court based on the report and recommendation.

The parties did not file any objections. Accordingly, this Court finds that the magistrate judge's recommendation should be **AFFIRMED** and **ACCEPTS** Rosa's pleas of guilty to the one count Information and Count Two of the Superseding Indictment and **ADJUDGES** him GUILTY of the crimes charged in the one count Information and Count Two of the Superseding Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement and stipulated addendum to the plea agreement, is **DEFERRED** until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., it is hereby **ORDERED** that:

1. The Probation Officer shall undertake a presentence investigation of **JUSTIN ZACHARY ROSA** and prepare a presentence report for the Court;

2. The Government and Rosa to provide their versions of the offense to the probation officer by **December 19, 2013**;

3. The presentence report to be disclosed to Rosa, defense counsel, and the United States on or before **January 21, 2014**;

however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4.   Counsel to file written objections to the presentence report on or before **January 28, 2014;**

5.   The Office of Probation to submit the presentence report with addendum to the Court on or before **February 11, 2014;** and

6.   Counsel to file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **February 25, 2014.**

The magistrate judge remanded Rosa to the custody of the United States Marshals.

The Court will conduct the sentencing hearing in this case on **Tuesday, March 4, 2014** at **12:30 P.M.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: December 5, 2013

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE